1

2

3

4

5                IN THE UNITED STATES DISTRICT COURT

6            FOR THE NORTHERN DISTRICT OF CALIFORNIA

7                    SAN FRANCISCO DIVISION

8

MARITZA RIZO,                          No.  3:12-CV-04520 RS
9
            Plaintiff,

10                                         **ORDER GRANTING PLAINTIFF'S**
      v.                                   **MOTION FOR SUMMARY**
11                                         **JUDGMENT AND DENYING**
CAROLYN W. COLVIN                          **DEFENDANT'S CROSS MOTION**
12   Commissioner,
Social Security Administration,
13
            Defendant.
14  _____/

15

16

17                        I. INTRODUCTION

18        Plaintiff Maritza Rizo challenges the Social Security Commissioner's final decision denying

19   her application for Social Security Disability benefits and seeks reversal of that decision, or

20   alternatively, a remand for further administrative proceedings.  In adjudicating Rizo's application,

21   the Administrative Law Judge (ALJ) improperly excluded evidence from Rizo's prior disability

22   claim on grounds of res judicata.  Because res judicata only precludes a claimant from relitigating

23   the same claim and does not require exclusion of evidence presented in a prior claim, this was legal

24   error.  As the error prevented the ALJ from making the requisite comparison between the past and

25   present medical evidence, the decision will be reversed and the case remanded.

26

27

28

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

## II. FACTS AND PROCEDURAL HISTORY

Rizo initially filed an application for Disability Insurance Benefits in 2005, alleging an inability to work because of a severe medical impairment involving her bilateral upper extremities. The Commissioner denied that claim in 2006, finding insubstantial evidence regarding Rizo's limitations on lifting and carrying, and no indication of any other condition severely impairing her ability to perform normal activities. Rizo filed a second application for Social Security benefits in 2010, this time alleging she became disabled in 2003, and that her degenerative joint disease and anxiety disorder prevented her from working. After the Commissioner denied that claim, she sought reconsideration and requested a hearing. The ALJ found Rizo to be not disabled and denied Rizo's disability claim. In reaching her decision, the ALJ applied the requisite five-step analysis for determining disability. *See* 20 CFR § 404.1520(a)(4). In step one, she determined Rizo had not engaged in substantial gainful activity since 2006, the beginning date for which plaintiff alleges a disability. In step two, the ALJ determined Rizo did not have any severe medical impairment between March 8, 2006, and December 31, 2008, and was therefore not disabled.

A. Relevant Information from the Administrative Record

i.    *Rizo's Testimony*

Rizo testified she stopped working in 2002 or 2003 as a result of neck, shoulder, and arm pain. Since Rizo stopped working, the pain has remained the same. Rizo has difficulty turning her head and performing basic household functions such as doing laundry or managing her checkbook online. She also has difficulty walking more than one hour per day. Rizo further testified she takes medication for her physical pain and depression, but that the medications do not help eliminate the pain completely. Since her Workers' Compensation benefits lapsed in 2004, Rizo has been treated by Dr. Syverain, who she visits every five to six months.

ii.   *Vocational Expert's Testimony*

At Rizo's hearing, vocational expert Jeffrey Malmuth testified at the ALJ's request. Malmuth classified Rizzo's past work as a data entry clerk, which corresponds with Dictionary of

United States District Court
For the Northern District of California

Occupational Title ("DOT") code 203.582-054.  Accordingly, Rizo's occupation is "semi-skilled"[1] and "light"[2] in its exertional demands.  20 CFR § 404.1568; 20 CFR § 416.967.  Malmuth testified Rizo's specific position requires her to sit for an entire eight-hour day and that an individual who could only sit for six out of eight hours would not be capable of performing her duties.

B.  The ALJ's Non-Disability Determination

The ALJ found Rizo to be not disabled at any time from March 8, 2006, through December 31, 2008, asserting there was no medically determinable impairment.  The ALJ, however, excluded treatment records from 2002 through 2005 as purportedly barred by res judicata.  Furthermore, she disregarded Dr. Syverain's medical opinion because of allegedly conflicting medical statements regarding Rizo's alleged impairment.  The ALJ gave little weight to a medical evaluation conducted by Dr. Davis because it was based upon the excluded evidence and did not report any objective medical abnormalities.  The ALJ accepted evaluations from Dr. Gale and Dr. Nguyen, and based her opinion on that evidence.  The ALJ also gave significant weight to the opinions of Dr. Nguyen, which she saw as consistent with the record as a whole, and as undermining Rizo's credibility.

III. STANDARD OF REVIEW

A.  Standard for Reviewing the Commissioner's Decision

Section 405(g) of the United States Code, chapter 42, establishes the standard of review of the Social Security Commissioner's decision to deny benefits.  The Commissioner's finding may be reversed if it is not supported by substantial evidence, or if it is based on legal error.  *See Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  In this context, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Id*. It requires more than a scintilla, but less than a preponderance of evidence.  *Id.*  To determine whether substantial evidence supports the Commissioner's decision, the Court reviews the administrative record as a whole, considering adverse as well as supporting evidence.  *Id.*  The

---

[1] "A job may be classified as semi-skilled where coordination and dexterity are necessary, as when hands or feet must be moved quickly to do repetitive tasks."  20 CFR § 404.1568.

[2] Work is classified as light "when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities."  20 CFR § 416.967.

1  ALJ's findings cannot be disturbed even if there exists other evidence supporting an alternative

2  ruling.  *See Torske v. Richardson,* 484 2d. 59, 60 (9th Cir. 1973).  Decisions will not be reversed for

3  harmless errors.  *See Burch v. Barnhart,* 400 F.3d 676, 678 (9th Cir. 2005).

4      B.  Standard for Determining Disability

5      A person is "disabled" for purposes of receiving Social Security benefits if he or she is

6  unable to engage in a substantially gainful activity due to a physical or mental impairment that has

7  lasted for a continuous period of not less than twelve months.  42 U.S.C. § 423(d)(1)(A).  Social

8  Security disability cases are evaluated under a five-step test.  20 C.F.R. §§ 404.1520(a)(4),

9  416.920(a)(4).  The claimant carries the initial burden of proving disability.  42 U.S.C. § 423(d)(5);

10  *Swenson v. Sullivan,* 876 F.2d 683, 687 (9th Cir.1989).  In the first step, the ALJ must determine

11  whether the claimant is currently engaged in substantial gainful activity.  Substantial work is work

12  that involves doing significant physical or mental activities.  20 C.F.R. §§404.1572(a), 416.972(a).

13  Gainful activity is work that is usually done for pay or profit, regardless of whether a profit results.

14  20 C.F.R. §§ 404.1572(b), 416.972(b).

15      If the claimant is not so engaged, the second step requires the ALJ to determine if the

16  claimant has a "severe" impairment which significantly limits the claimant's ability to perform basic

17  work activities. 20 C.F.R. § 416.920(a)(4)(ii). If the ALJ concludes the claimant does not have a

18  "severe" impairment, the claimant is not "disabled" and the claim is denied without need to evaluate

19  the remaining steps.  *Id.*

20                          IV. ANALYSIS

21      A.  The ALJ Erroneously Applied Res Judicata

22      As noted, the ALJ excluded evidence from Rizo's prior disability claim on grounds it was

23  barred by res judicata.  The ALJ reasoned that because res judicata precluded Rizo's disability claim

24  prior to March 8, 2006, the evidence used in her prior claim should also be precluded.  Res judicata,

25  however, applies to final *decisions* in administrative proceedings where the claimant has failed to

26  seek administrative review after notice of an adverse decision.  *Taylor v. Heckler*, 765 F.2d 872, 876

27  (9th Cir. 1985); *see* 20 C.F.R. § 404.957(c)(1).  Hence, res judicata does not extend to the evidence

28  relied upon in those decisions.  More specifically, when a claimant is denied social security benefits,

United States District Court
For the Northern District of California

res judicata "precludes the claimant from arguing that he was disabled *during the period* covered by

decision." *Valencia v. Astrue*, 1:11-CV-01970-JLT, 2012 WL 6628899 (E.D. Cal. Dec. 19, 2012)

(emphasis added). Although the Ninth Circuit has consistently held a denial of social security

benefits from a previous decision creates a presumption of continuing non-disability, that

presumption may be overcome by proving changed circumstances indicating a greater disability.

*See Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995); *see also Miller v. Heckler*, 770 F.2d 845, 847

(9th Cir. 1985). In this case, while res judicata would preclude a disability claim for the period

before March 8, 2006, the prior decision only creates a presumption of non-disability thereafter. *See*

*Lester*, 81 F.3d at 827. The evidence from Rizo's prior claim, therefore, should not have been

precluded, and the ALJ's unwarranted extension of res judicata constituted a legal error. *See id.* (res

judicata inapplicable "where the claimant raises a new issue, such as the existence of an impairment

not considered in the previous application").

Furthermore, the exclusion of prior evidence that might have proven changed circumstances

undermines the decision. Before denying a disability claim, an ALJ must thoroughly examine "all

the new medical evidence presented by plaintiff in comparison with the evidence considered in the

prior decision." *Burns v. Astrue*, CV 08-1112-PLA, 2009 WL 950773 (C.D. Cal. Apr. 7, 2009).

Rizo's prior claim for benefits was denied because of a lack of objective medical evidence

indicating a severe medical impairment. Rizo now alleges she is disabled and unable to work

because of a degenerative joint disease and anxiety disorder. The present evidence should have

been considered in conjunction with the prior evidence to evaluate whether or not Rizo overcame

the presumption of non-disability by demonstrating changed circumstances.

B. The Legal Error is not Harmless

The Social Security Administration argues that even if the ALJ improperly applied res

judicata, her decision should not be reversed because she committed a harmless error. An ALJ's

error is harmless if it is clear from the record that the "error was inconsequential to the ultimate non-

disability determination." *Robbins v. Social Security Administration*, 466 F.3d 880, 885 (9th Cir.

2006) (quoting *Stout v. Comm'r*, 454 F.3d 1050, 1055-56 (9th Cir. 2006)). The reviewing court

must confidently conclude that a different disability determination would not have been made. *Id.*

Here, the ALJ declined to analyze the medical evidence from the time period prior to March of 2006.  Additionally, the ALJ rejected Dr. Davis's opinion, at least in part, because it was based upon the excluded medical evidence.  On this record, the Court cannot confidently conclude that the result would have been the same had all of the relevant medical evidence been taken into account.

### C.  Remand to Assess the Excluded Medical Evidence is Warranted

Rizo seeks a ruling that she is entitled to disability benefits, or alternatively, a remand for further proceedings.  Whether or not to remand Rizo's case for further proceedings is within the district court's discretion.  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1988).  Where there are outstanding factual issues that must be resolved and it is unclear from the record whether the ALJ could find the claimant to be disabled, remand is appropriate.  *Id.*  In this case, the ALJ excluded evidence necessary to overcome the presumption of non-disability.  Allowing further proceedings will permit the ALJ to evaluate Rizo's entire medical record and make a proper determination.  Whether or not Rizo will ultimately prove the changed circumstances warrant a favorable outcome, the question should be addressed by the ALJ in the first instance.

### V. CONCLUSION

Plaintiff's Motion for Summary Judgment is GRANTED, and defendant's Motion for Summary Judgment is DENIED.  The ALJ's decision is reversed and this case is remanded for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:  8/6/13

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California